IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT A. REED, | ) | Case No.   19-42691 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| TOBI M. BITNER, | ) | Adversary No. 19-4088 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT A. REED, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM OPINION</u>

Tobi M. Bitner, (APlaintiff@) filed a complaint seeking a determination that certain debts of Robert A. Reed (ADebtor@) should be excepted from discharge pursuant to 11 U.S.C. ' 523(a)(5) & (15)[1] on the grounds that the debt owed to her by Debtor is not dischargeable because her guardian ad litem fees should be construed as being "in the manner of child support."   In his answer, Debtor denied that the debts were in the nature of support because the debt was from a custody dispute and Plaintiff was not working for the best interest of the children.   This is a core proceeding under 28 U.S.C. ' 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. '' 1334(b), 157(a) and (b)(1).   The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that the debt relating to amounts

---

[1]Plaintiff did not raise 523(a)(15) in the Complaint, but at the hearing she moved to include that section.

owed to Plaintiff in her capacity as guardian ad litem are in the nature of a child support

obligation under ' 523(a)(5) and are therefore non-dischargeable.   In the alternative, if the claim

is not in the nature of support, the Court finds that it is nonetheless nondischargeable under

§523(a)(15).

## I.   FACTUAL BACKGROUND

During the course of Debtor's divorce proceeding in the District Court of Johnson

County, Kansas, the court determined it was necessary to appoint a guardian ad litem to

investigate issues relating to allegations of abuse. The court appointed Plaintiff and she

performed guardian ad litem duties.   Subsequently, Plaintiff submitted her fees for approval to

the district court and the court entered an Order awarding Plaintiff fees in the amount of

$7,342.41.

On October 23, 2019, Debtor filed a Chapter 7 bankruptcy petition.   On December 10,

2019, Plaintiff filed a Complaint Objecting to Discharge Pursuant to 11 U.S.C. ' 523.   In the

Complaint, Plaintiff contended that her guardian ad litem fees are non-dischargeable pursuant to '

523(a)(5) on the grounds that the debt is in the nature of child support.   Debtor denied these

allegations and asserted that the debt should not be excepted from discharge.

## II.   DISCUSSION

Section 523(a)(5) excepts from discharge debts for a "domestic support obligation."   That

phrase is defined in 11 U.S.C. §101(14A) and means a debt that accrues before, on, or after the

date of the order for relief in a bankruptcy case that is

(A)  owed to or recoverable by-

---

There was no objection and the Court allowed the amendment.

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; …

(B) in the nature of alimony, maintenance, or support…of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-

…

(ii) an order of a court of record;

…

and

(D)  not assigned to a nongovernmental entity….

The burden of proof under ' 523(a)(5) is on the party asserting that the debt is nondischargeable.   *Lineberry v. Lineberry (In re Lineberry)*, 9 B.R. 700, 706 (Bankr. W.D. Mo. 1981).   Exceptions from discharge for spousal and child support deserve a liberal construction, and the policy underlying ' 523 favors the enforcement of familial obligations over a fresh start for the debtor, even if the support obligation is owed directly to a third party. *See Holliday v. Kline (In re Kline),* 65 F.3d 749 (8th Cir. 1995); *Williams v. Kemp (In re Kemp),* 242 B.R. 178, 181 (B.A.P. 8th Cir. 1999), *aff=d* 232 F.3d 652 (8th Cir. 2000).

The debt owed to Plaintiff in the amount of $7,342.41 was specifically established by reason of an order of the Johnson County district court (Planitff's Ex. 3).   The remaining fees claimed by Plaintiff that may be ordered in the future by the state court are subject to establishment by

the initial court order appointing Plaintiff as guardian ad litem. (Plaintiff's Ex. 1).    Thus,

paragraph (C) of 101(14A) is satisfied. This Court will defer to the state court with regards to

matters of marital dissolution, except as to determining the dischargeability of obligations.    *See*

*Bruggen v. Bruggen (In re Bruggen)*, 82 B.R. 515, 517 (Bankr. W.D. Mo. 1987); *Childers v.*

*Childers (In re Childers)*, 2005 WL 1397159 (Bankr. W.D. Mo. 2005). Additionally, the

judgment has not been assigned to a nongovernmental entity so paragraph (D) is satisfied.

Paragraph (A) of §101(14A) provides that a domestic support obligation is one that is "owed

to or recoverable by…a spouse, former spouse, or child of the debtor or such child's parent, legal

guardian, or responsible relative…or a governmental unit.    Debtor contends that §523(a)(5)

does not apply to guardian ad litem fees because a guardian ad litem is not specified in the list of

payees or assignees pertaining to nondischargeability.

The Court believes that the case law in this jurisdiction is clear.    The Eight Circuit has

found that attorneys' fees owed directly to a former spouse's attorney can be nondischargeable

under §523(a)(5) and specifically that fees, if in the nature of support, are nondischargeable even

if payable to a third party.    *See Kline*, 65 F.3d at 751; *see also, In re Miller*, 55 F.3d 1487 (10th

Cir. 1995) (holding guarding ad litem fees were in nature of support for debtor's minor children

and were nondischargeable under §523(a)(5)).

In *In re Staggs*, 203 B.R. 712,721 (Bankr. W.D. Mo. 1996), the court extended *Kline* and

determined that the guardian ad litem fees were in the nature of support and nondischargeable

because "the services provided by the [guardian ad litem] on behalf of the minor child were for

the child's benefit and support…."    *See also Miller*, 55 F.3d at 1490 (finding debts to a guardian

ad litem who is specifically charged with representing the child's best interests, relate just as

directly to the support of the child as attorney's fees incurred by the parents in a custody

4

proceeding and the nature of the debt rather than the identity of the creditor should determine the outcome); *In re O'Toole*, 194 B.R. 629 (Bankr. E.D. Mo. 1996) (ruling that the services of the guardian ad litem in investigating allegations of possible abuse during post-divorce custody proceedings were services provided to the child for the child's benefit and support and therefore, the fees owed were nondischargeable support). In *In re Burnes*, the court determined that the BAPCPA amendments to §523(a)(5) have not changed that analysis and interpretation of §101(14A) and would not change the law in the Eighth Circuit that attorney fees in a domestic relations case awarded directly to the third party can be excepted from discharge. 405 B.R. 654, 659 (Bankr. W.D. Mo. 2009).

Debtor cited *Adams v.Zentz*, 963 F.2d 197 (8th Cir. 1992) in support of his position that fees payable to the guardian ad litem are not nondischargeable because a debt from a custody dispute is not in the nature of support.   However, as the *Staggs* court found, that case merely rejected the notion that attorney's fees awarded in a child custody proceeding are ipso facto in the nature of support.   The bankruptcy court must determine whether the guardian ad litem fees were intended to serve as support for the minor child of the debtor and if the services provided on behalf of the minor child were for the child's benefit and support then they should be considered in the nature of support and nondischargeable.   The *Adams* court also based its decision on the fact the fees were not related to the child's health and welfare but merely a custody dispute. That is not the case here.   The guardian ad litem in this case was specifically appointed to investigate the childrens' health and welfare based on allegations of abuse. It is clear from the cited case law that guardian ad litem fees paid to a third party satisfy paragraph (A) of §101(14A).

With regard to §101(14A)(B), Debtor argues that Plaintiff was not acting in the best interests

5

of the children so her fees should not be considered support. The Court disagrees.    There is no evidence that Plaintiff was not acting in the best interest of the children.    Debtor did not provide any testimony or documents that would prove such contention.    Plaintiff testified as to her investigations into alleged abuse of the children and that she was solely working in the children's best interests.    Further, the district court, which had a front row seat to the divorce and custody proceedings, found that Plaintiff "had not presented to the court as being prejudiced to either party, and she has not displayed animosity toward [Debtor]…. The court additionally finds that [Plaintiff] is still committed to work diligently to seek a good relationship by working with both the children and the parents." Plaintiff's Ex. 2.    When Plaintiff was later removed as guardian ad litem, the testimony shows that it was because the state court did not want her to continue putting in the many hours of investigation and not receiving payment of her fees.    The initial district court order appointing Plaintiff as guardian ad litem did so specifically to "appear for and represent the best interests of the minor children."    There has been no evidence presented that Plaintiff did not do so.

Plaintiff was appointed by the state court to represent the best interest of the children and testified that she spent many hours investigating alleged abuse and working to protect the interests of the children.    The district court's orders support this testimony and Debtor has not offered any credible evidence to prove otherwise.    The fees were in the nature of support because Plaintiff was performing the role to which she was appointed and working to support the best interests of the children. Thus, based on the above discussion, this Court finds that §101(14A)(A) and (B) have been met.

As noted, Plaintiff moved to amend the complaint and add §523(a)(15) as an alternative basis for determining the debt is nondischargeable. *See* Bankr. Rule 7015; *see also*, *In re Richards &*

*Conover Steel, Co.*, 267 B.R. 602, 609 (B.A.P. 8th Cir. 2001). There was no objection by Debtor.

Section 523(a)(15) excepts from discharge any debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) [i.e., domestic support obligation] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record…." Thus, based on the foregoing analysis, in the alternative to the debt being a domestic support obligation, the requirements of §523(a)(15) have been met.

Accordingly, the guardian ad litem fees in the amount of $7,342.41 that Debtor was ordered to pay in the Johnson County District Court, as well as additional district court approved guardian ad litem fees pursuant to the order appointing Plaintiff as guardian ad litem, are excepted from discharge pursuant to 11 U.S.C. ' 523(a)(5) and/or (a)(15).

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:    May 5, 2020    /s/ Dennis R. Dow

THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

7